IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Floyd Joyner, Sr.,               )
    Plaintiff,              )
                    )
v.                               )          **1:16cv683 (LO/JFA)**
                    )
Linwood Wayne Farmer, et al.,    )
    Defendants.             )

<u>MEMORANDUM OPINION AND ORDER</u>

    Floyd Joyner, Sr., a Virginia inmate proceeding <u>pro se</u>, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights in connection with motor vehicle convictions in Isle of Wight County. Plaintiff has neither paid the applicable filing fee nor applied to proceed <u>in forma pauperis</u> in this action. After reviewing plaintiff's complaint, the claims against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim.[1]

**I.**

    Plaintiff's allegations are vague. He alleges without additional detail that he was

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

deprived of his "constitution [sic] right under color of any state law statute ordinance regulation custom or usage of any right privilege or immunity secured by the Constitution of the United States ...." He asserts that the rights which were violated were the Fifth Amendment, the "Eighth Amendment excessive bail no bond," and the Fourteenth Amendment, and he asks to proceed under the Prison Litigation Reform Act. Attached as an exhibit to the complaint is a Compliance Summary addressed to the plaintiff from the Virginia Department of Motor Vehicles that lists multiple motor vehicle convictions in both the Circuit Court of Isle of Wight County and the Isle of Wight County District Court. Beside the list of convictions plaintiff has written "vacate" and "fraud." The named defendants are Judges Carl E. Easton, Jr. and Robert H. Sandwich, "Commonwealth Attorney now Judge [of] Isle of Wight" Linwood Wayne Farmer, and plaintiff's court-appointed counsel Barrett R. Richardson. Plaintiff includes no prayer for relief.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

It is readily apparent that plaintiff's complaint at present states no substantive claim upon which relief can be granted. Under other circumstances, he would be allowed an opportunity to particularize and amend his allegations in deference to his pro se status. Such a step is not warranted here, however, because none of the named defendants can be liable to plaintiff under § 1983.

It appears that plaintiff intends to sue defendant Linwood Wayne Farmer for actions Farmer took as a Commonwealth Attorney. However, state prosecutors are absolutely immune from suit under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A state prosecuting attorney acting within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under 42 U.S.C. § 1983 for those actions because of public policy considerations. Imbler, 424 U.S. at 410, 427. "[T]he public interest in forthright enforcement of the criminal law is best served when a state's attorney

3

can freely decide when to prosecute, uninfluenced by the potential burden of retaliatory suits."
Weathers v. Ebert, 505 F.2d 514, 515 (4th Cir. 1974).  As the actions or omissions of Farmer
apparently were conducted in the course of a criminal prosecution against plaintiff, he enjoys
absolute immunity from this § 1983 suit.

Similarly, plaintiff can state no claim against defense counsel Richardson, because it is
well established in § 1983 jurisprudence that "[d]efense attorneys do not act 'under color of' state
law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed
by the state, or employed as public defenders." Ward v. Ghee, 8 F.3d 823 (4th Cir. Oct. 13, 1993)
(table; available at 1993 WL 410357) (citations omitted).  Here, then, attorney Richardson cannot
be sued under §1983 for actions he took during his representation of the plaintiff.

As to plaintiff's claims against Judges Easton and Sandwich, as well as any claim against
defendant Farmer in his judicial capacity, it is well settled that judges are absolutely immune for
suits for damages arising out of their judicial acts.  Pierson v. Ray, 386 U.S. 547 (1967).  While it
previously was held that judicial immunity did not bar claims for declaratory or injunctive relief
in actions brought pursuant to §1983,  Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), Congress
amended §1983 in 1996 to overrule Pulliam, and it is now established that a judge is immune
from suit for both money damages and injunctive relief in a § 1983 action.  Butz v. Economou,
438 U.S. 478 (1978).  Here, then, regardless of the nature of relief plaintiff might seek from the
named defendants, they are immune from suit under §1983, and the complaint will be dismissed
for failure to state a claim on which relief can be granted.

Accordingly, it is hereby

ORDERED that the complaint be and is DISMISSED WITH PREJUDICE pursuant to §
1915A(b)(1) for failure to state a claim on which relief can be granted; and it is further

4

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil action.

Entered this ___8th___ day of ___November___ 2016.

Alexandria, Virginia

_____/s/_____
Liam O'Grady
United States District Judge

---

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.